

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 OCT 11  A 11: 29

CLERK _F. Lavictoire_
SO. DIST. of GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

CARLOS P. RODRIGUEZ,                          :

       Plaintiff,                          :

     vs.                          :          CIVIL ACTION NO.: CV206-168

UNITED STATES OF AMERICA;                  :
BUREAU OF PRISONS; FCI JESUP              :
MEDICAL STAFF; Ms. WALKER,              :
and Mr. COPPERSMITH,                          :

       Defendants.                          :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Medical Center in Rochester, Minnesota, filed an action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, concerning events which allegedly occurred while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

On the first page of his Complaint, Plaintiff names as Defendants the Bureau of Prisons, FCI Jesup Medical Staff, Ms. Walker, and Mr. Coppersmith. (Compl., p. 1.) Plaintiff names Doctor Burgos as an additional Defendant in the body of his Complaint. (Compl., p. 3.) Because Plaintiff has filed this cause of action pursuant to the FTCA, the only proper Defendant is the United States of America. See 28 U.S.C. § 2674.

2

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against the Bureau of Prisons, FCI Jesup Medical Staff, Ms. Walker, Mr. Coppersmith, and Dr. Burgos be **DISMISSED**, without prejudice.

Plaintiff's cognizable claim is addressed in an Order of even date.

**SO REPORTED** and **RECOMMENDED**, this _11th_ day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)