IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CARLOS P. RODRIGUEZ,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.: CV206-168

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant United States of America ("Defendant") filed a Motion for Partial Dismissal of Plaintiff's claims. Plaintiff filed a Response, and Defendant filed a Reply. For the reasons which follow, Defendant's Motion should be **GRANTED**, in part, and **DISMISSED**, in part.

In its Motion, Defendant asserts Plaintiff's claims of conspiracy and the falsification of an incident report should be dismissed because Plaintiff did not set forth these claims as part of his administrative presentment, and thus, Plaintiff did not exhaust his administrative remedies as to these claims. Defendant also asserts Plaintiff cannot recover punitive damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Defendant further asserts Plaintiff's prayer for an award of damages against the individually named individuals should be dismissed, as such is not permissible under the FTCA.

AO 72A
(Rev. 8/82)

The undersigned issued a Report on October 11, 2006, in which he recommended that Plaintiff's claims against any individually named defendant be dismissed, without prejudice, because Plaintiff's cause of action was brought pursuant to the FTCA.  The Honorable Anthony A. Alaimo adopted this Report as the opinion of the Court, thus dismissing in their entirety Plaintiff's claims against the individually named defendants.  Only Plaintiff's claim against the United States of America remains.

"The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."  28 U.S.C. § 2674, ¶ 1; Dolan v. United States Postal Service, 546 U.S. 481, ___, 126 S. Ct. 1252, 1257, 163 L. Ed. 2d 1079 (2006).  To the extent Plaintiff seeks the recovery of punitive damages from the United States of America, he is not permitted to do so under the FTCA.  Accordingly, the portion of Defendant's Motion seeking the dismissal of Plaintiff's punitive damages claim should be **GRANTED**.

The undersigned also issued an Order on October 11, 2006, whereby the United States of America was served with a copy of Plaintiff's Complaint, as amended, pursuant to the provisions of the FTCA.  The FTCA only permits the United States of America to be a named Defendant in such a cause of action, and Plaintiff can seek redress for "ordinary torts recognized by state law."  Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004).  Plaintiff alleged he was injured due to the medical negligence of personnel at the Federal Correctional Institution in Jesup, Georgia.  As alluded to above, this was the only basis upon which Plaintiff's Complaint was served, i.e., all of Plaintiff's claims against the individually named Defendants were dismissed, and the *only* claim pending

before the Court is Plaintiff's claim against the United States of America for medical negligence. Accordingly, the portion of Defendant's Motion seeking the dismissal of Plaintiff's claims of conspiracy, falsification of an incident report, and entitlement to damages from the individually named Defendants should be **DISMISSED** as moot.

**SO REPORTED** and **RECOMMENDED**, this 15th day of March, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE