FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2007 DEC 14 AM 9:09
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CARLOS P. RODRIGUEZ,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.: CV206-168

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Federal Correctional Institute in Jesup, Georgia ("FCI Jesup"), has filed an action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et. seq. Defendant has filed a Motion for Summary Judgment, Plaintiff has filed a Response, Defendant has filed a Reply, and Plaintiff has filed a Surreply. For the reasons which follow, Defendant's Motion should be **GRANTED** in part.

## STATEMENT OF THE CASE

Plaintiff asserts that on November 30, 2004, he sought medical treatment at FCI Jesup for stroke symptoms, but was turned away by Nurse Walker and P.A. Coopersmith and was not seen or treated by Dr. Burgos. Plaintiff contends that when he refused to leave, he was placed in administrative segregation, where he suffered a stroke. Plaintiff's FTCA claim against Defendant is based upon the alleged negligence and medical malpractice of the FCI Jesup staff.

In its Motion, Defendant contends that Plaintiff has failed to offer evidence establishing a breach of the applicable standard of care. Defendant asserts that, instead, Plaintiff received appropriate and timely medical care by FCI Jesup staff in

AO 72A
(Rev. 8/82)

excess of the standard of care. Furthermore, Defendant alleges that no action or inaction of FCI Jesup staff was the proximate cause of Plaintiff's alleged strokes in November or December 2004.

In support of its Motion, Defendant has offered the affidavit of Dr. Luis Burgos, the Chief Medical Officer and Clinical Director at FCI Jesup during the time in question. In his affidavit, Dr. Burgos concludes that Plaintiff received treatment by FCI Jesup staff that "met or exceeded the applicable standard of care." (Def. Exh. A, ¶ 39). Dr. Burgos further concludes that no action or inaction of FCI Jesup staff was the proximate cause of Plaintiff's alleged injuries. (Def. Exh. A, ¶ 40).

In response, Plaintiff makes several assertions. First, he contends that his allegations are those of simple negligence, *not* of medical malpractice. However, he then goes on to allege that he should have been treated with a medication known as "TPA" and that it was error to house him in a facility that did not have access to that course of treatment. Additionally, Plaintiff contends that the applicable standard of care in this case is that set forth in 18 U.S.C. § 4042, rather than the standard that exists under Georgia law.

In its Reply, Defendant asserts again that it is Georgia law, and not the federal statute, which establishes the standard of care in this FTCA suit. Furthermore, Defendant contends that there is no evidence that failure to administer TPA violates the standard of care. Finally, Defendant contends that Plaintiff has failed to demonstrate the existence of a genuine issue of material fact, as he has presented no medical evidence of any negligent act or omission on the part of FCI Jesup staff.

## STANDARD OF DETERMINATION[1]

Summary judgment should be granted only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The procedure for disposing of a summary judgment motion is well established. The Court may grant summary judgment to a party when the evidence demonstrates that the nonmoving party has failed to establish an essential element of his case. The party moving for summary judgment bears the initial burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970). In applying this standard, a court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion. All reasonable doubts regarding the facts should be resolved in favor of the nonmovant. Adickes, 398 U.S. at 157, 90 S. Ct. at 1608.

Once the moving party has met this initial burden, the burden shifts to the opposing party to show that a genuine issue of material fact exists. Celotex Corp. v. Catrell, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The opposing party may not simply rest upon mere allegations or denials of the pleadings. Rather, the nonmoving party must make a sufficient showing of facts to establish the existence of an essential element to his case on which he will bear the burden of proof at trial. Id.; Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989). To oppose the motion sufficiently after the movant has met its initial burden, the nonmoving party must point to evidence in the record or present additional evidence in the form of affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure. Riley v.

---

[1] Though the substantive law applied to FTCA claims is that of the state in which the alleged tort occurred, federal rules govern procedural questions such as the summary judgment standard.

Newton, 94 F.3d 632, 639 (11th Cir. 1996). If the record presents factual issues, the Court must deny the motion and proceed to trial. Herzog v. Castle Rock Entertainment, 193 F.3d 1241, 1246 (11th Cir. 1999). Summary judgment is also inappropriate where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. Id.

## DISCUSSION AND CITATION TO AUTHORITY

The FTCA operates as a limited waiver of sovereign immunity whereby the United States government is subject to liability for torts committed by its employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). The FTCA was "designed to provide redress for ordinary torts recognized by state law," Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (internal quotation and citation omitted), and renders the federal government liable to the same extent as a private party, United States v. Orleans, 425 U.S. 807, 813, 96 S. Ct. 1971, 1975, 48 L. Ed. 2d 390 (1976).

The substantive law of the state in which the allegedly negligent act or omission occurred governs in an action brought under the FTCA. 28 U.S.C. § 1346(b)(1); Stone, 373 F.3d at 1130. Despite Plaintiff's contention that the duty of care on prison officials is set by federal law, the Court is not persuaded. Plaintiff cites United States v. Muniz, 374 U.S. 150, 83 S. Ct. 1850, 10 L. Ed. 2d 805 (1963), wherein the Supreme Court held that federal prison inmates can bring suit against the United States under the FTCA based upon the alleged negligence of government employees. Id. at 150, 83 S. Ct. at 1851. Plaintiff focuses on the Muniz Court's statement that the "duty of care owed by the Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. § 4042, independent of

an inconsistent state rule." Id. at 164-65, 83 S. Ct. at 1859.[2] Plaintiff implies from this that 18 U.S.C. § 4042 creates the duty of care in medical malpractice and negligence cases. However, the Court can find support for this position in neither the case law nor the holding of Muniz itself. The Ninth Circuit has reasoned that the Muniz Court's statement:

> should be read as finding a duty inhering in the nature of the custodial relationship, which is established in part by the federal statute and in part by the activity itself. Under this interpretation, the duty stems from state tort law rather than directly from the statute. This reading alone can reconcile the statement with the Court's earlier recognition that "(w)hether a claim could be made out would depend upon whether a private individual under like circumstances would be liable under state law."

United Scottish Ins. Co. v. United States, 614 F.2d 188, 198 n.9 (9th Cir. 1979). Several district courts have likewise reconciled the Muniz Court's statements to conclude that state law provides the applicable duty of care. See, e.g., Hannah v. United States, 2006 WL 2583190, *5-6 (N.D. Tex. 2006) (holding that state law, and not 18 U.S.C. § 4042, establishes the standard of care); Brown v. United States, 2000 WL 34235983, *3 (W.D. Wis. 2000) (holding that elements of state tort law are applied to determine liability); Muniz v. United States, 280 F. Supp. 542, 546 (S.D.N.Y. 1968) (citing the Supreme Court's statement as to 18 U.S.C. § 4042 before finding that "[t]he applicable law as to liability in this instance is the law of the state of Connecticut."). But see Antunez v. United States, 2006 WL 2933885, *1 n.2 (S.D. Tex. 2006) (noting that applicability of 18 U.S.C. § 4042 to establish duty is inconsistent with language of FTCA

---

[2] 18 U.S.C. § 4042 states in pertinent part that:
The Bureau of Prisons, under the direction of the Attorney General, shall--
(1) have charge of the management and regulation of all Federal penal and correctional institutions;
(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States.

but holding that Muniz is "still valid law," and that "the outcome of this case would be the same regardless of whether the element of duty turns on state or federal law"). Accordingly, the Court will apply the law of the state of Georgia to Plaintiff's FTCA claims.

I.  **Medical Malpractice**

To establish medical malpractice liability under Georgia law, the plaintiff must establish "(1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained." Zwiren v. Thompson, 578 S.E.2d 862, 864 (Ga. 2003). The "standard of care is that which, under similar conditions and like circumstances, is ordinarily employed by the medical profession generally." Kenney v. Piedmont Hosp., 222 S.E.2d 162, 167 (Ga. 1975). In this state, the law recognizes a presumption that the medical care was performed in an ordinarily skillful manner. Shea v. Phillips, 98 S.E.2d 552, 554 (Ga. 1957). Finally, the plaintiff must use expert testimony to establish proximate cause, Zwiren, 578 S.E.2d at 865, and "may not rely on his own statements and lay opinions to avoid summary judgment." Suggs v. United States, 199 Fed. Appx. 804, 808 (11th Cir. 2006).

Accordingly, in order to establish Defendant's liability, Plaintiff must establish by expert medical evidence that the FCI Jesup medical staff's treatment or lack thereof of his condition violated the duty of care ordinarily owed by doctors to their patients, and that that violation proximately caused his injuries. In order to survive summary judgment, Plaintiff must provide expert testimony to meet his burden. Plaintiff has provided no expert testimony on the standard of care and its violation, nor has he

pointed to any such testimony he has hopes of obtaining. The undisputed evidence offered by Defendant establishes that Plaintiff was treated for various ailments, some neurological in nature, beginning as early as December 1999. According to Dr. Burgos' affidavit, he and other medical staff treated Plaintiff several times in October and November 2004, performing a neurological exam, ordering a brain scan, and prescribing medication. Relating to the incident in question, Dr. Burgos asserts that on November 30, Plaintiff presented with left side weakness and was given a blood test. Burgos avers that when Plaintiff returned to medical seeking his test results, he was ordered by other staff to return to his housing unit and was ultimately placed in administrative segregation for his refusal to do so. Burgos states that two days later, Plaintiff was treated by a PA, that he was treated by an RN three days after that, and was subsequently transferred to Wayne Memorial Hospital by Dr. Burgos, where tests indicated that he may have suffered a recent stroke. Burgos concludes that based upon these experiences and upon Plaintiff's medical records, Plaintiff was provided appropriate and timely medical care that met or exceeded the applicable standard of care. Burgos also concludes that no action or inaction of FCI Jesup staff proximately caused Plaintiff's alleged injury.

Plaintiff's affidavit essentially confirms Burgos' sequence of events. Of course, however, Plaintiff contends that medical staff breached their duty of care, arguing that he was deprived of necessary medication for two days while in administrative segregation. Plaintiff also argues that he should not have been housed in a facility without access to a medication called "TPA," and that he could also have been treated with "Heparin" or "Lovenox." (Doc. No. 42, p. 2). As stated, under Georgia law, it must

be presumed "that the medical or surgical services were performed in an ordinarily skil[l]ful manner, and the burden is on the one receiving the services to show a want of due care, skill, and diligence." Shea v. Phillips, 98 S.E.2d 552, 554 (Ga. 1957). In meeting this burden, Plaintiff simply may not rely on his own opinions to avoid summary judgment, and outside of his pleadings and affidavits, he has offered nothing to establish the duty or violation thereof. Accordingly, Defendant is entitled to summary judgment on Plaintiff's FTCA medical malpractice claim.

## II. Negligence

"To state a cause of action for negligence in Georgia, a plaintiff must show (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard;" (3) a "causal connection between the conduct" and the injury; "and (4) loss or damage . . . resulting from the breach." McQuaig v. Tarrant, 603 S.E.2d 751, 752 (Ga. 2004). The plaintiff bears the burden of proving that the accident and damages were caused by specific acts of negligence by the defendant. Id. at 753. To the extent that Plaintiff alleges negligence on the part of the FCI Jesup employees who ordered him to administrative segregation, he has a separate, simple negligence FTCA claim which remains against Defendant. Defendant's pleadings address solely Plaintiff's medical malpractice claim, and do not appear to respond at all to Plaintiff's contention that "his claim lies in negligence as opposed to one of medical malpractice." (Doc. No. 35, p. 1). Accordingly, because Defendant has not moved for summary judgment on this distinct claim, it should remain pending at this time.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **GRANTED** in part. Defendant is entitled to summary judgment on Plaintiff's medical malpractice claim. Plaintiff's negligence claim against Defendant, brought pursuant to the FTCA, should remain pending at this time.

So **REPORTED** and **RECOMMENDED** this 14th day of December, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE