U. S. DISTRICT COURT
Southern District of Ga.
Filed In Office

_____ 10:70 A M
March 13 20__
_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| CARLOS P. RODRIGUEZ, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO.: CV206-168 |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

## ORDER

After an independent review of the record, the Court concurs in part with the recommendation of the Magistrate Judge. In his Report and Recommendation, the Magistrate Judge concluded that Defendant is entitled to summary judgment on Plaintiff's medical negligence claim, brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et. seq., but that a simple negligence claim should remain pending. Defendant has filed Objections to the Report and Recommendation, wherein it contends that the Court previously determined that only a medical negligence claim existed, and that therefore the case should be dismissed in its entirety. Furthermore, Defendant contends that to the extent Plaintiff does have a simple negligence claim, he has failed to meet the presentment requirement of the FTCA.

Indeed, this Court previously surmised that the "*only* claim pending before the Court is Plaintiff's claim against the United States of America for medical negligence,"

and dismissed, *inter alia*, his claim relating to the falsification of an incident report resulting in his placement in administrative segregation. (Doc. No. 26, pp. 2-3). Plaintiff's Amended Complaint stated his claim relating to administrative segregation as based upon allegations that staff "falsified [an] incident report and placed Plaintiff in administrative segregation." (Doc. No. 7, p. 3). Having concluded that medical negligence was the only basis upon which the Complaint was served, the Court dismissed the claim relating to falsification of the incident report. (Doc. No. 26). Furthermore, the Court concurs with Defendant's position that Plaintiff failed to meet the presentment requirement as his claim applies to his placement in segregation. Plaintiff's administrative claim submitted to the Bureau of Prisons detailed the alleged incident and stated that "[i]ncompetency is my claim against Ms. Walker and Mr. Coopersmith" and that "proper care was not given" by medical "to minimize or circumvent the stroke." (Doc. No. 20, p. 3). The FTCA's presentment requirement "does not require an agency to undertake an independent search for . . . theories of liability that are not closely related to the matters described in the claim." Burchfield v. United States, 168 F.3d 1252, 1256 (11th Cir. 1999). Plaintiff's Form 95 administrative claim set forth his complaint in terms of medical negligence. Furthermore, his Complaint in this case couched his claim pertaining to the placement in segregation in terms of the falsification of an incident report, an intentional rather than negligent act. It was not until Plaintiff responded to Defendant's summary judgment motion that he began to explore a theory of liability based upon simple negligence. In his responses to Defendant's Objections on this point, Plaintiff appears to make no argument that any simple negligence claim should remain.

Accordingly, because the only claim pending against the United States is Plaintiff's FTCA medical malpractice claim, the Court only need address whether there exists a genuine issue of material fact as to that claim. The Court concurs with the Magistrate Judge's determination that Plaintiff has submitted no evidence establishing the duty or the violation of that duty causing injury in this case. In his Objections, Plaintiff contends that he does not need to provide expert testimony establishing the duty and breach of care where the "negligence is so blatant that the court would necessarily conclude that as a matter of law an average lay person could identify that Plaintiff was in dire straights [sic]." (Doc. No. 47, p. 2). In support of his position, he points to the observations of two inmates who "had no medical knowledge but had observed the radical changes in Plaintiff's posture." (Id.). Plaintiff has submitted affidavits of these inmates to this effect.

"In medical malpractice cases, the Plaintiff must produce expert testimony in order to prevail at trial, unless actionable negligence clearly appears from other evidence." Parker v. Knight, 267 S.E.2d 222, 223-24 (Ga. 1980). In this case, Plaintiff has produced no expert evidence, nor has he presented any other evidence demonstrating such clearly actionable negligence. In support of summary judgment, Defendant submitted the affidavit of Dr. Burgos, who offered his medical opinion that Plaintiff:

> may have suffered a stroke some time between October 25, 2004, and December 5, 2004, [but] there is no evidence in the medical record that [Plaintiff] suffered a stroke on a particular day during that time period. When I saw [Plaintiff] on November 29, 2004, he complained of left leg weakness, and when I saw him on November 30, 2004, he complained that he had been experiencing left side weakness for several days, which could be consistent with his having suffered a stroke prior to November 29, 2004. The statement by [Plaintiff] that was recorded on the intake

sheet at Wayne Memorial indicating that [he] had been suffering symptoms for eighteen days is not consistent with the assertion [ ] now that he suffered a stroke on [the day in question] while he was being held in Administrative Segregation.

(Gov. Exh. A, ¶ 30). Defendant's evidence, then, demonstrates that: (1) it is not clear whether Plaintiff actually had a stroke; (2) it is not clear when Plaintiff suffered a stroke or some other injury; and (3) Plaintiff may have actually suffered a stroke or other injury *before* the alleged negligence of which he complains.

The evidence submitted by Plaintiff does not rebut these determinations and does not meet his burden of establishing that the alleged negligence caused his alleged injury. The affidavits of Inmate Candelario and Inmate Martinez, which are largely identical, establish that these individuals accompanied Plaintiff to medical on the day in question because Plaintiff was "being faced with an attack of 'stroke'." (Doc. No. 49, Exh. A, pp. 1-2). The affiants state that Plaintiff complained of his affliction to the nurse and physicians' assistant, who eventually ordered Plaintiff into the hospital building and ordered them back to their units. (Id.). At most, Plaintiff's evidence demonstrates that he was suffering some sort of illness when he presented at medical on the day in question, and that the prison staff put him in administrative segregation rather than treating his condition immediately. Nothing offered in opposition to Defendant's motion demonstrates that these events actually *caused* his injury. Plaintiff simply must present evidence of "a realistic assessment of the likelihood that the alleged negligence caused the injury or death." Abdul-Majeed v. Emory Univ. Hosp., 484 S.E.2d 257, 259 (Ga. App. 1997) (overruled in part on other grounds by Ezor v. Thompson, 526 S.E.2d 609 (1999)). "It must be proven that the injury complained of proximately resulted from [the] want of care and skill. A bare possibility of such result is not sufficient." Anthony v.

Chambless, 500 S.E.2d 402, 404 (Ga. App. 1998). Granting that some neurological event happened to Plaintiff between October 25 and December 5, or even between the morning of November 30 and December 5, the cause of the event is not apparent due to the utter absence of evidence. Accordingly, any finding of medical malpractice on the part of prison personnel would lack evidentiary support. As such, Defendant is entitled to summary judgment on Plaintiff's claim.

Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is authorized and directed to enter the appropriate Judgment of Dismissal.

SO ORDERED, this 14th day of March, 2008.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA